(No. 41690.—

THE PEOPLE *ex rel.* Kenneth Blunt, County Collector, Appellee, *vs.* PENNSYLVANIA NEW YORK CENTRAL TRANSPORTATION COMPANY, Appellant.

*Opinion filed March 27, 1969.*

John J. Armstrong, of Craig & Craig, of Mattoon, (Robert M. Werden, of counsel,) for appellant.

Louis A. McLaughlin and Martin J. Corbell, both of Vandalia, for appellee.

Mr. Justice Kluczynski delivered the opinion of the court:

This is a direct appeal from a judgment rendered for the plaintiff, county collector, in the circuit court of Fayette County. A question of revenue is involved.

Appellant, Pennsylvania New York Central Transportation Company, filed objections to the county collector's application for judgment in reference to the educational tax for 1966 of the Vandalia Unit School District No. 203 of Fayette and Montgomery Counties. Appellant alleged that the 1966 tax rate was illegal to the extent that it exceeded the 1965 tax rate.

There is no dispute as to the facts. To determine the issue, we review the history of District No. 203 and pertinent sections of the School Code, (Ill. Rev. Stat. 1965, ch. 122.) The district involved in this case, which maintains grades 1 through 12 inclusive and has less than 500,000 inhabitants, was organized in 1952. In that same year, by referendum vote, its authorized maximum permissible tax rate for educational purposes was fixed at 1.50%.

In 1965, section 17—2 of the School Code was amended to allow school districts of less than 500,000 inhabitants and maintaining grades 1 through 12, to levy a maximum rate of 1.60% for educational purposes. (Ill. Rev. Stat. 1965, ch. 122, par. 17—2.) For the year 1965, a rate of 1.5384% was levied and in 1966 a rate of 1.60%. The appellant paid its taxes for both years. However, its 1966 tax payment was made under protest.

Section 17—2, as amended, provides in pertinent part: "The school board of any district having a population of less than 500,000 inhabitants may levy a tax annually, at not to exceed the maximum rates and for the specified purposes * * * as hereinafter prescribed: * * * (3) districts maintaining grades 1 through 12, 1.60% for educational purposes * * *."

Section 17—2.2 provides in pertinent part: "Whenever any school district first levies a tax at a rate within the limit prescribed by paragraph (3) of Section 17—2 but in excess of the maximum permissible on July 9, 1957, * * * any taxpayer in such district may, within 10 days after such levy is made, file * * * a petition * * * requesting the submission to a referendum * * *. If a majority of the voters voting on the proposition vote in favor thereof, such increased tax shall thereafter be authorized; if the majority of the vote is against such proposition, the previous maximum rate shall remain in effect until changed by law."

Appellant argues that the *first* or initial rate levied after the 1965 amendment, which exceeds the prior rate for the district, becomes the maximum rate which that district may levy thereafter without having to initiate a full-scale referendum under section 17—3.

Such a reading of the statute would require a district to move at once to the maximum rate of 1.60%, even though it did not then need so large a rate increase. If it did not do so, but instead levied an intermediate rate, less

than 1.60%, that intermediate rate would become its maximum rate.

Section 17—2.2 provides for a "back door" referendum whenever a school district first causes a rate to be extended which is in excess of its prior maximum rate but within the maximum rate provided by section 17—2. Appellant contends that the "back door" referendum could have been conducted only in the *first* or initial year a rate in excess of the prior authorized maximum was extended, *i.e.,* 1.50%. We hold that such an intent cannot be read into the statute. The word *first,* as used in section 17—2.2 is limiting language to emphasize that a "back door" referendum cannot be initiated unless and until the school board has levied for that year a tax at a rate in excess of its prior authorized maximum but within the limits provided in section 17—2. We hold that a "back door" referendum is therefore permitted in any year, after a levy is made at a rate greater than the last valid rate, but not in excess of the maximum permissible under section 17—2. In the instant case when no "back door" referendum was requested in reference to the 1965 levy, that rate became authorized. In 1966, the school district was free to increase its then maximum rate, 1.5384%, to a rate not in excess of 1.60%. Appellant was required to initiate a "back door" referendum if it desired to contest such increase. (*People ex rel. Garwood* v. *New York Central Railroad Co.,* 21 Ill.2d 315.) No referendum having been requested, the increased rate was proper.

The judgment of the circuit court of Fayette County is affirmed.

*Judgment affirmed.*